UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DEGROFF,<br><br>        Petitioner,<br><br>   v.<br><br>J. PRICE,[1]<br><br>        Respondent. | No.  2:13-cv-1638 JAM KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

      Petitioner is a state prisoner, proceeding without counsel and in forma pauperis.  Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations.  For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

---

[1] The current Acting Warden of the Deuel Vocational Institution is J. Price, who is substituted as respondent in this matter.  Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On May 7, 2009, in the Sacramento County Superior Court, petitioner was convicted of second degree murder. (Respondent's Lodged Document ("LD") 1.) The jury also found that petitioner personally used a firearm and that he used and intentionally and personally discharged

////

1 a firearm. Petitioner was sentenced to state prison for an indeterminate term of forty years to life.
2 (LD 1-2.)

3     2. Petitioner filed an appeal. The California Court of Appeal, Third Appellate District,
4 affirmed petitioner's conviction on June 13, 2011. (LD 2.)

5     3. Through counsel, petitioner filed a petition for review in the California Supreme Court
6 on July 18, 2011, which was denied without comment on August 24, 2011. (LD 4.)

7     4. Petitioner filed no post-conviction challenges in state court.

8     5. On July 30, 2013, the instant action (ECF No. 1 at 6) was constructively filed. See
9 Rule 3(d) of the Federal Rules Governing Section 2254 Cases. Petitioner raises three grounds for
10 relief: (a) introduction of petitioner's pretrial statement violated his Fifth Amendment rights
11 under Miranda v. Arizona, 384 U.S. 436 (1966); (b) petitioner was denied the effective assistance
12 of counsel when his trial attorney failed to prepare adequately or correct the defense witness; and
13 (c) cumulative prejudice amounted to a violation of petitioner's due process rights.

14 IV. Statutory Tolling

15     The California Supreme Court denied the petition for review on August 24, 2011.
16 Petitioner's conviction became final ninety days later, on November 22, 2011, when the time for
17 seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157
18 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on
19 November 23, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling,
20 petitioner's last day to file his federal petition was on November 23, 2012.

21     As noted above, petitioner filed no post-conviction challenges in state court. Thus,
22 petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

23     Petitioner did not file his federal petition until July 30, 2013, which was 8 months, 7 days,
24 after the statute of limitations period expired. Thus, absent equitable tolling, the instant petition is
25 time-barred.

26 V. Equitable Tolling

27     In his opposition to the motion, petitioner does not dispute that his conviction became
28 final on November 22, 2011, that he did not file any post-conviction challenges in state court, or

3

1  that his federal petition was filed after the statute of limitations period expired.  Rather, petitioner
2  argues the merits of his claims, and asks the court to deny the motion to dismiss.  As respondent
3  notes, petitioner did not argue for application of equitable tolling in his opposition to the motion.
4  Rather, petitioner asks the court to grant his motion for discovery and evidentiary hearing,
5  claiming that he "cannot effectively argue this writ without discovery." (ECF No. 16 at 2.)
6  Petitioner states he is only in possession of the briefs filed on direct appeal, and claims that he
7  "tried on several occasions to request all discovery through the trial attorney, the district attorney,
8  and the appeal attorney." (ECF No. 16 at 2.)  In his accompanying "motion for notification,"
9  petitioner seeks the work product and documents from the public defender who represented him
10 in his criminal trial, his client files from appellate counsel, and documents from the district
11 attorney.  (ECF No. 17.)  Petitioner claims his inability to obtain these documents "is in large part
12 why the habeas was initially seen as untimely." (ECF No. 17 at 1.)  Petitioner appended copies of
13 requests he submitted to obtain these documents from third parties:

- January 2, 2014 request to Sacramento County Superior Court Criminal Records Department seeking "all discovery" in Case No. 07F00393.
- September 13, 2013 request to John Hardesty, Appellate Counsel, for all of petitioner's client papers, etc.  This request was returned as undeliverable.
- August 29, 2013 letter from the assigned Sacramento County Assistant Public Defender, acknowledging petitioner's request for his case files.

20 (ECF No. 17 at 3-8.)  Petitioner argues that these "files are one of the tools [he] will need . . . to
21 present a challenge to his conviction, and sentence, both directly or collateral." (ECF No. 17 at
22 1.)  The court construes petitioner's motion as a request to apply equitable tolling.
23     Equitable tolling is available to toll the one-year statute of limitations available to 28
24 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant
25 seeking equitable tolling must establish:  (1) that he has been pursuing his rights diligently; and
26 (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408,
27 418 (2005).  The Ninth Circuit has explained:
28 ////

4

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

To the extent that petitioner seeks equitable tolling based on his allegations that counsel did not return his legal files to him, there is authority holding that an impediment of this type may warrant equitable tolling in some circumstances.  See Waldron-Ramsey, 556 F.3d at 1013 (citing Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002)); see also Ford v. Hubbard, 330 F.3d 1086, 1107 (9th Cir. 2003), reversed on other grounds by Pliler v. Ford, 540 U.S. 1099 (2004); United States v. Battles, 362 F.3d 1195, 1198 & n. 5 (9th Cir. 1998).[2]  However, petitioner "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition . . . late." Waldron-Ramsey, 556 F.3d at 1013 (citing Pace, 544 U.S. at 418).

Here, even assuming that counsel wrongly failed to deliver to petitioner the records and files in counsel's possession, it was not unrealistic to expect petitioner to pursue his habeas claims with reasonable diligence, because it does not appear that the files held by counsel were necessary to enable petitioner to raise his current claims when he eventually chose to do so.  The fact that a petitioner ultimately files his petition without a transcript is not necessarily dispositive of whether the alleged attorney misconduct prevented the petitioner from filing in a timely fashion.  Battles,

---

[2] In Battles and Ford, the Ninth Circuit remanded the cases for further factual development, finding that the record had not been sufficiently developed to determine whether attorney wrongdoing in withholding transcripts amounted to an extraordinary circumstance that precluded the petitioners from timely filing their petitions.  See Battles, 362 F.3d at 1198 n.5; Ford, 330 F.3d at 1107.  In this case, however, further development of the record is not necessary to determine that petitioner fails to satisfy the reasonable diligence requirement for equitable tolling.

1  362 F.3d at 1198 n.5 ("Were it otherwise, a person who in desperation finally filed something
2  anyway would be barred, *ipso facto*, whereas a person who did not file at all would not be."). On
3  the other hand, a petitioner's entitlement to equitable tolling in this context depends on the "whole
4  developed factual picture," and "the actual filing may loom large in the final tolling determination
5  for it might ultimately show that [the petitioner] was not actually delayed at all." Id.

6  In this case, a review of petitioner's 2010 appellate brief (ECF No. 1 at 8-64) and 2011
7  petition for review (ECF No. 1 at 132-69), both of which included pertinent citations to the trial
8  transcript and specific statements of fact regarding the trial proceedings, makes it apparent that
9  petitioner did not lack access to records necessary to file his habeas claims. See Williams v.
10 Clark, 2008 WL 474343 at *5 (C.D. Cal., Jan.3, 2008) (finding counsel's failure to return files not
11 determinative of timeliness when files were not necessary to presentation of claims); see also
12 Castillo v. Evans, 2008 WL 4351143, *10 (C.D. Cal. Sept. 19, 2008) (the "mere fact that
13 petitioner did not receive the trial transcripts from [his attorney] until over four-and-a-half years
14 after his limitations period had expired, however, does not explain why petitioner waited so long
15 to seek federal habeas relief" because the claims "could have been raised in federal court . . .
16 regardless of whether or not petitioner possessed the trial transcripts."); United States v. Van
17 Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (a lack of transcripts cannot be found to be an
18 extraordinary circumstance without an explanation of why they were needed to prepare and file a
19 habeas petition).

20 Even if petitioner was unaware of the AEDPA time bar, such lack of legal knowledge
21 with respect to operation of the AEDPA limitations period does not provide a basis for equitable
22 tolling. See Waldron-Ramsey, 556 F.3d at 1013, n.4 (citing Rasberry v. Garcia, 448 F.3d 1150,
23 1154 (9th Cir. 2006)).

24 Moreover, the documents provided by petitioner demonstrate that petitioner was not
25 diligent because he waited many years after his conviction to seek his client files. Petitioner did
26 not seek return of the legal files until mid-2013, after the limitations period expired. Accordingly,
27 in the absence of a showing of reasonable diligence by petitioner, equitable tolling is unavailable
28 even if counsel failed to return petitioner's client files. Because petitioner is not entitled to

6

equitable tolling, the undersigned recommends that respondent's motion to dismiss this action as barred by the statute of limitations be granted.

VIII.  Motion for Discovery and Evidentiary Hearing

On August 28, 2013, petitioner filed a motion for discovery and for evidentiary hearing. The discovery petitioner seeks is relevant to the merits of his claims. In light of the above recommendation, petitioner's motion for discovery and for evidentiary hearing is moot and is denied.

IX.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 9, 2014 "motion for notification," is construed as a request for the court to apply equitable tolling (ECF No. 17); and

2. Petitioner's August 28, 2013 motion (ECF No. 8) is denied.

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/degr1638.mtd.hc.sol